# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STRATIS CONSTRUCTION, INC.,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-12901** |
| **CITY OF HAMMOND, ET AL.,**<br>     **Defendants** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court are two motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Spangler Engineering, LLC.[1] For the following reasons, the motions are **GRANTED**, and Plaintiffs' claims against Spangler are **DISMISSED.**

## BACKGROUND

On October 1, 2019, Plaintiff Stratis Construction Inc. filed a complaint against numerous Defendants, including Spangler, based on conduct surrounding a project to construct a subdivision in the city of Hammond, Louisiana.[2] In response to Spangler's first Rule 12(b)(6) Motion to Dismiss and a Rule 12(c) Motion for Judgment on the Pleadings,[3] Stratis filed a First Supplemental and Amended Complaint to clarify its allegations.[4] (The original complaint and the First Supplemental and Amended Complaint are referred to collectively as the "Complaint.")

In the First Amended Complaint, Carl A. Perkins, the owner of Stratis, was added as a named plaintiff.[5] According to Plaintiffs, Stratis was "employed" to construct the

---

[1] R. Doc. 31; R. Doc. 32. Plaintiff filed an opposition. R. Doc. 37. Spangler filed a reply. R. Doc. 41.
[2] R. Doc. 1.
[3] R. Doc. 14.
[4] R. Doc. 26. The First Amended Complaint supplements and amends, but does not supersede, the original complaint.
[5] *Id.* ¶ 1.

Providence Ridge Subdivision in Hammond, Louisiana.[6] Plaintiffs further allege a representative of Spangler, as the City Engineer for Hammond, was required to be at any city planning meetings in order to lend Spangler's expertise to the planning process, per the Hammond Unified Development Code.[7] No representative of Spangler, however, was present at a meeting in January of 2015, according to Plaintiffs, which resulted in "an erroneous rejection of [Plaintiffs'] submitted plans" for the Providence Ridge Subdivision.[8] Plaintiffs allege that, without a representative of Spangler present, "[t]he City of Hammond, Mayor Panepinto, and Josh Taylor, the City Planner[,] acted in their own capacity in total disregard of their lack of knowledge of the specifics of Engineering."[9]

Plaintiffs further allege that, in May 2015, a "properly drawn drainage plan was submitted" and subsequently "rejected by the planning committee without the expertise of [Spangler] at the meeting," and, following this rejection, Plaintiffs' designer "was told to redesign the project to include curb and gutter design features which were not a part of the original reviewed design in January."[10] According to plaintiffs "[t]he City of Hammond, in the absence of the City Engineer, Spangler, instructed plaintiffs to dig up 5,000 feet of sewer because it was not bedded in a sand gravel mix."[11] Plaintiffs further claim "[t]his requirement was not placed on any white contractors doing business with the City of Hammond," but "because this was so overwhelming to plaintiff, Carl A. Perkins, and because the project had undergone other delays, Plaintiff complied with this unrealistic and unnecessary request."[12] Plaintiffs claim that, "[b]ecause of this order and

---

[6] R. Doc. 1, ¶ 3.
[7] R. Doc. 26, ¶ 3 (amending paragraph 4 of the original complaint).
[8] *Id.*
[9] *Id.*
[10] *Id.* ¶ 5 (amending paragraph 4(b) of the original complaint).
[11] *Id.* ¶ 6 (amending paragraph 4(c) of the original complaint).
[12] *Id.*

the disregard of [Spangler] to attend the meetings to dispute of [sic] challenge the necessity of the change, Plaintiffs suffered financial loss."[13]

Based on the above allegations, Plaintiffs allege Defendants infringed on their rights to due process, liberty interests in reputation and good name, and rights to equal protection protected by the United States Constitution.[14] Plaintiffs bring claims against Defendants for these alleged constitutional violations under 42 U.S.C. §§ 1981, 1982, 1983, and 1985.[15] Plaintiffs also assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 (ADA), and the Fair housing Act (FHA).[16]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[17] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual

---

[13] *Id.*
[14] R. Doc. 26, ¶ 2.
[15] R. Doc. 26, ¶¶ 2, 8.
[16] *Id.*
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[19] *Id.*

conclusions will not suffice to prevent a motion to dismiss."[20] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[21]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[22] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[23] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[24]

## LAW AND ANALYSIS

In its motions to dismiss, Spangler argues Plaintiffs' claims against it should be dismissed as time barred and for failing to allege facts sufficient to support facially plausible claims.[25] The Court finds, for the reasons stated below, all of Plaintiffs' claims against Spangler should be dismissed.

**I.     Plaintiffs' Claims Against Spangler Under §§ 1982, 1983, and 1985 Are Dismissed as Time Barred.**

All parties agree Louisiana's one-year prescriptive period governs Plaintiffs' claims under §§ 1982, 1983, and 1985.[26] Plaintiffs' Complaint does not allege a single action by Spangler that took place during the year preceding October 1, 2019, the date Plaintiffs filed the original complaint. Instead, Plaintiffs' Complaint alleges only conduct that took

---

[20] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[21] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[22] *Twombly*, 550 U.S. at 555.

[23] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[24] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).

[25] R. Doc. 31; R. Doc. 32.

[26] R. Doc. 37, at 6; R. Doc. 41, at 4.

place far earlier, such as in 2015.[27] Accordingly, Plaintiffs' claims against Spangler under §§ 1982, 1983, and 1985 are dismissed with prejudice.[28]

## II. Plaintiffs' Claims Against Spangler Under § 1981 Are Dismissed for Failure to State a Claim on Which Relief Can Be Granted.

Assuming for the sake of argument Plaintiffs' § 1981 claims are timely under a four-year statute of limitations,[29] Plaintiffs' § 1981 claims still fail because § 1981 does not provide a cause of action for damages against state actors. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

The Supreme Court has held "Congress intended the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violations of the rights declared in § 1981."[30] Accordingly, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981."[31] This exclusivity extends not only to state actors but also to individuals acting under color of state law.[32]

Plaintiffs allege "at all pertinent times, [Spangler was] acting either 'under color of authority' or with permission of those 'under color of authority' within the meaning and

---

[27] R. Doc. 26, ¶ 5.

[28] *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

[29] 28 U.S.C. § 1658 requires courts to apply a catchall four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. In November of 1991, § 1981 "was amended to create a cause of action for discriminatory and retaliatory conduct occurring after the formation of [a] contract. *Williams v. Louisiana*, No. CV 15-2353, 2017 WL 359218, at *5 (W.D. La. Jan. 24, 2017) (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 179 (1989); *Jones v. R.R. Donnelley & Sons Co*., 541 U.S. 369, 372 (2004)). For claims available only because of the 1991 amendments to § 1981, the four-year statute of limitations of § 1658 applies. *Id.*

[30] *Jett v. Dallas Independent Sch. Dist*., 491 U.S. 701, 731 (1989).

[31] *Id.* at 733.

[32] See *Knox v. City of Monroe*, 551 F. Supp. 2d 504, 511 (W.D. La. 2008) (citing *Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002)).

intent of 42 U.S.C. § 1983."[33] Accordingly, Plaintiffs' § 1981 cause of action against Spangler must be dismissed with prejudice as Plaintiffs' exclusive remedy for the alleged violation of its rights by Spangler, as a state actor, is provided by § 1983.

### III. Plaintiffs' Claims Against Spangler Under Title VII and the ADA Are Dismissed for Failure to Exhaust Administrative Remedies.

Employment discrimination plaintiffs must exhaust administrative remedies before filing suit under Title VII or the ADA.[34]  A plaintiff meets this requirement under both statutes by (1) filing a timely charge with the EEOC and (2) receiving a right to sue letter.[35] Failure to exhaust administrative remedies before filing suit will result in dismissal without prejudice.[36]

In this case, Plaintiffs have provided no evidence they exhausted administrative remedies. Accordingly, Plaintiffs' claims under Title VII and the ADA must be dismissed.[37]

### IV. Plaintiffs Have Failed to Allege Any Facts Supporting an FHA Claim Against Spangler.

The FHA "prohibits discrimination in the rental or sale of a dwelling based on certain protected characteristics."[38] Plaintiffs have not alleged any facts showing Spangler discriminated against them in the sale or rental of a dwelling. Further, Plaintiffs provided no opposition to Spangler's motion that this claim be dismissed under Rule 12(b)(6) for

---

[33] R. Doc. 26, ¶ 7 (amending paragraph 7 of the original complaint).

[34] *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) ("Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."); *Spears v. Jefferson Par. Sch. Bd.*, No. CIV.A. 13-6266, 2014 WL 2739407, at *6 (E.D. La. June 17, 2014).

[35] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *Spears*, 2014 WL 2739407, at *6.

[36] *Spears*, 2014 WL 2739407, at *7 (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002) (Title VII); *Windhauser v. Bd. of Supervisors*, 360 F. App'x 562, 566 (5th Cir. 2010) (ADA)).

[37] Because Plaintiffs' claims under Title VII and the ADA are dismissed, Plaintiffs are not entitled to any damages under 42 U.S.C. § 1981a. 42 U.S.C. § 1981a ("Damages in cases of intentional discrimination in employment").

[38] *Inclusive Comtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

failure to state a claim. Accordingly, the Court finds Plaintiffs have failed to state an FHA claim against Spangler and the claim is dismissed with prejudice.

## V.   Plaintiffs Are Not Granted Leave to Amend.

Federal Rule of Civil Procedure 15(a) provides leave to amend "shall be freely granted when justice so requires." A "court must have a "substantial reason" to deny a request for leave to amend" and "may consider factors such as whether there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'"[39] In this case, Plaintiffs already have been granted leave to amend and filed an amended complaint.[40] Based on this "repeated failure to cure deficiencies by amendments previously allowed,"[41] and because any amendment would be futile for Plaintiffs' claims against Spangler that are untimely or procedurally improper,[42] the Court finds further amendment is not warranted.

## <u>CONCLUSION</u>

**IT IS ORDERED** that Plaintiffs' claims against Spangler under Title VII and the ADA are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all other claims against Spangler are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 15th day of July, 2020.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (citing *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir. 1998)).
[40] R. Doc. 25; R. Doc. 26.
[41] *Herrmann Holdings Ltd.*, 302 F.3d at 566 (5th Cir. 2002).
[42] *See Spears v. Jefferson Par. Sch. Bd.*, No. CIV.A. 13-6266, 2014 WL 2739407, at *6 (E.D. La. June 17, 2014) ("[A]mendment would be futile because the complaint is time-barred on its face and the complaint fails to raise some basis for equitable tolling.").