UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STRATIS CONSTRUCTION, INC. | CIVIL ACTION |
| VERSUS | NO:   19-12901 |
| CITY OF HAMMOND, ET AL. | SECTION: "E" (4) |

## ORDER

Before the Court is a **Motion to Fix Attorneys' Fees (R. Doc. 55)** filed by Defendants, City of Hammond, Mayor Pete Panepinto and Josh Taylor, seeking and order setting attorney fees and costs in the amount of $2,454.75 pursuant to this Court's November 24, 2020 Order (R. Doc. 53). The motion is unopposed. This motion was set for submission on December 9, 2020 and heard on the briefs.

**I.     Background**

Stratis alleges it was hired by a third party to construct a subdivision within the City of Hammond. R. Doc. 1. In furtherance thereof, Stratis hired a project engineer to generate plans for the project and seek approval from the City. *Id.* The project engineer's plans were not approved, and no variances were granted by the City for the project. *Id*. Stratis alleges that the City "forced" it to purchase an unnecessary $100,000.00 septic tank for the project that exceeded the engineering designs requirements. *Id.*

Stratis alleges that the City violated its substantive and procedural due process rights. *Id.* Stratis also alleges that its earnings, earning capacity, and liberty interest in its reputation and good name were damaged in violation of the equal protection clause of the 14th Amendment of the United States Constitution, and rights under 42 U.S.C. § 1983. *Id.* Further, Stratis demands an award of punitive damages pursuant to 42 U.S.C. § 1983, § 1981, and § 1981a. *Id.* Importantly, Plaintiff does not allege any privity of contract with the Hammond Defendants. *Id.*

On October 20, 2020, the City of New Orleans filed a Motion to Compel discovery responses. R. Doc. 50. However, Stratis failed to respond. Consequently, the motion was granted as **unopposed** and the Court found an award of reasonable attorney's fees pursuant to Rule 37. R. Doc. 53. Hammond now seeks an order from the Court fixing a reasonable attorney's fees. R. Doc. 55. Stratis, again, did not file an opposition.

## II.     Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### III.  Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

In this case, the Defendant seeks compensation for two attorneys of Cashe Coudrain & Bass, Andre Coudrain, a partner, and Patrick Coudrain, an associate attorney. R. Doc. 55-2.  The unredacted billing sheets indicate that Andre Coudrain's billing rate is $191.25, and Patrick Coudrain's billing rate is $127.50. In support of their rates, counsel submitted an affidavit detailing their experience and background. R. Doc. 55-2. The Court notes that the rates are not opposed and supported by sufficient evidence; therefore, those rates are deemed reasonable. *See Williams v. Res-Care, Inc.*, No. CV 17-10200, 2020 WL 4816141, at *3 (Roby, M.J.) (E.D. La. Aug. 19, 2020).

**IV.     Hours Reasonably Spent on Litigation**

Next, the Court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time-expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds, Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

The billing records contain several entries unrelated to the motion to compel. Several entries refer to the preparation and review of Motion to Dismiss.[2] Additionally, Patrick G. Coudrain had entries unrelated to the Motion to Compel.[3] Therefore, 0.3 hours are disallowed for Adrian Coudrain and 3.50 hours are disallowed for Patrick Coudrain.

---

[2] Entries for AGC-09/18/2020 (-.30)— the unredacted version of the billing records show this entry was block-billed with review of the preliminary conference notice, which is unrelated to this motion.

[3] Entries for PGC- 9/17/2020 (-2.00); 09/24/2020 (-1.50) – the unredacted version of the billing records show these entries were block-billed with drafting and review of the motion to dismiss for failure to state a claim, which is unrelated to this motion.

V.   *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for the attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Andre Coudrain | $191.25 | 4.6 | $879.75 |
| Patrick Coudrain | $127.50 | 7.7 | $981.75 |
| **Paralegal** | | | |
| Paralegal | $51.00 | .80 | $40.80 |
| | | Total: | $1,902.30 |

The total *Lodestar* amount then is **$1,902.30**.

VI.   **Adjusting the *Lodestar***

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds an adjustment of the lodestar is not warranted.

## VII.   Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Fix Attorneys' Fees (R. Doc. 55)** is **GRANTED.** Defendants are awarded reasonable attorneys' fees and expenses in the amount of **$1,902.30**.

**IT IS FURTHER ORDERED** that Plaintiff Stratis Construction, Inc. shall satisfy its obligation to Defendants no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 25th day of February 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**